# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJMP, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendant. | Case No.: 19-cv-876 AJB (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING RAJMP, INC.'S MOTION TO EXCEED PAGE LIMIT FOR ITS EX PARTE APPLICATION FOR RECONSIDERATION; AND**<br><br>**(2) DENYING DEFENDANTS' EX PARTE APPLICATION TO ALTER OR AMEND THE ORDER OF MAY 9, 2019, ENTERED BY THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO AND TO TRANSFER THIS CIVIL ACTION BACK PURSUANT TO FED. R. CIV. P. 59(E) AND 54(B) AND CIV. L. R. 7.1(I)**<br><br>(Doc. Nos. 74, 75) |

///

///

1

19-cv-876 AJB (WVG)

Pending before the Court are RAJMP, Inc.'s motion to exceed page limit and its ex parte application for reconsideration. (Doc. Nos. 74, 75.) As will be explained in greater detail below, the Court **GRANTS** RAJMP's motion to exceed page limit for its ex parte application for reconsideration and **DENIES** RAJMP's ex parte application for reconsideration.

## BACKGROUND

On November 28, 2018, RAJMP filed this action against the United States in the District of Colorado. (Doc. No. 1.) On December 14, 2018, RAJMP moved for preliminary injunction. (Doc. No. 14.) On March 6, 2019, the United States filed a motion to dismiss for improper venue, lack of jurisdiction and for failure to state a claim. (Doc. No. 32.) On May 9, 2019, the District Court of Colorado transferred this case to this Court pursuant to 28 U.S.C. §§ 1406(a) and 1631. (Doc. No. 66.) On June 6, 2019, RAJMP filed a motion for reconsideration of the transfer of venue. (Doc. No. 75.) This Order follows.

## LEGAL STANDARD

Pursuant to FRCP 60(b), courts may only reconsider a final order on certain enumerated grounds. These grounds include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1)–(6). A motion made under the first three subsections of Rule 60(b) must be brought within a year, but a motion made under the other subsections need only be brought within a "reasonable time after entry of the order sought to be set aside." *Id.*; *see also United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).

In addition, Local Civil Rule 7.1(i)(1) states that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or

2

19-cv-876 AJB (WVG)

other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. CivLR 7.1. The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* A court has discretion in granting or denying a motion for reconsideration. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 2001).

## DISCUSSION

A. <u>Motion for Leave to Exceed Page Limits</u>

RAJMP seeks to exceed the page limit of ten pages for its ex parte application for reconsideration. "Given the district court's inherent power to control their dockets, whether to grant leave to exceed the page limits set forth in the Civil Local Rules appears to be at the full discretion of the Court." *Traylor Bros., Inc. v. San Diego Unified Port Dist.*, No. 08-cv-1019, 2012 WL 1019966, at *2 (S.D. Cal. March 26, 2012) (citing *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc)). In exercising its discretion, the Court finds good cause to **GRANT** RAJMP's leave to exceed the page limit pursuant to CivL.R. 7.1(h). However, RAJMP has made a practice of filing excessive briefs, routinely accompanying them with motion to exceed. It is doubtful that RAJMP even tries to conform to court limits. Going forward, RAJMP needs to seek leave in advance of filing their brief's, or they will simply be stricken.

B. <u>Ex Parte Application for Reconsideration</u>

RAJMP seeks reconsideration of the District of Colorado District Court's Order transferring this matter to this Court. (*See generally* Doc. No. 75.) RAJMP presents no new evidence, presents no intervening change in controlling law and does not present new or different facts and circumstances which did not exist or were not shown upon the prior application. RAJMP simply alleges that the Colorado District Court committed clear error. (Doc. No. 75-1 at 2.)

RAJMP has failed to show that the Colorado District Court committed clear error. RAJMP states that "RAJMP has the privilege of selecting the venue that is most

advantageous to RAJMP so long as the selected venue and jurisdiction are proper." (Doc. No. 75-1 at 7.) However, the District Court of Colorado properly concluded that venue was not proper in that district. Accordingly, RAJMP cannot assert "plaintiff's venue privilege." *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 63 (2013).

Further, RAJMP relies upon *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193 (2000) and *Go-Video, Inc. v. Akai Elec. Co.*, 858 F.2d 1406 (9th Cir. 1989) for the argument that special venue provisions are permissive and do not supplant the general venue provision. However, RAJMP fails to establish that 28 U.S.C. § 1391(e) is a special venue statute. The two cases relied upon by RAJMP address venue provisions in the FAA and in the Clayton Act. *See generally Cortez Byrd Chips, Inc.*, 529 U.S. 193, *Go-Video, Inc.*, 858 F.2d 1406. Here, 28 U.S.C. § 1391(e) is a subsection of the general venue provision.

RAJMP also alleges that 28 U.S.C. § 1391(e) only applies where the defendant is a named or served officer or employee of the United States. (Doc. No. 75-1 at 18.) The only authority provided by RAJMP to support this argument is 14D Wright & Miller, Federal Practice & Procedure § 3814, n. 31 (4th ed.). This authority simply does not state that 28 U.S.C. § 1391(e) was only intended to be limited to review of administrative actions. Rather it states that the amendment to 28 U.S.C. § 1391(e) was to conform it to the other review of administrative action amendments. *See* 14D Wright & Miller, Federal Practice & Procedure § 3814, n. 31 (4th ed.). Accordingly, RAJMP has provided no authority that 28 U.S.C. § 1391(e) only applies where the defendant is a named or served officer or employee of the United States.

Accordingly, the District Court of Colorado did not commit clear error in applying 28 U.S.C. § 1391(e) to the instant matter. The District Court of Colorado correctly found that venue is improper in Colorado. Therefore, the Court will not address the remainder of RAJMP's arguments as they are based on the assertions that 28 U.S.C. §§ 1391(b)(1) and (c)(2) apply and that Colorado was the proper venue.

/ / /

/ / /

/ / /

## **CONCLUSION**

Based on the foregoing, the Court **DENIES** Defendants' ex parte application for reconsideration. *See Navajo Nation*, 331 F.3d at 1046 ("Whether or not to grant reconsideration is committed to the sound discretion of the court.").

**IT IS SO ORDERED**.

Dated: June 17, 2019

Hon. Anthony J. Battaglia
United States District Judge