UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJMP, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No.: 19-cv-876 AJB (WVG) <br><br> **ORDER:** <br><br> **(1) GRANTING RAJMP, INC.'S MOTION TO EXCEED PAGE LIMIT FOR ITS EX PARTE APPLICATION FOR RECONSIDERATION; AND** <br><br> **(2) DENYING RAJMP, INC.'S EX PARTE APPLICATION TO ALTER OR AMEND THIS COURT'S ORDER OF JUNE 3, 2019 UNDER FED. R. CIV. P. 59(e), 54(b), AND CIV. L. R. 7.1(i), AND TO STAY THE FILING BY THE U.S. OF THE MOTION TO DISMISS UNTIL AFTER THIS APPLICATION AND THE EX PARTE APPLICATION TO TRANSFER VENUE BACK TO THE DISTRICT OF COLORADO HAVE BEEN DECIDED** <br><br> (Doc. Nos. 77, 78) |

Pending before the Court are RAJMP, Inc.'s motion to exceed page limit and its ex parte application for reconsideration. (Doc. Nos. 77, 78.) As will be explained in greater detail below, the Court **GRANTS** RAJMP's motion to exceed page limit for its ex parte application for reconsideration and **DENIES** RAJMP's ex parte application for reconsideration.

## BACKGROUND

On November 28, 2018, RAJMP filed this action against the United States in the District of Colorado. (Doc. No. 1.) On December 14, 2018, RAJMP moved for preliminary injunction. (Doc. No. 14.) On March 6, 2019, the United States filed a motion to dismiss for improper venue, lack of jurisdiction and for failure to state a claim. (Doc. No. 32.) On May 9, 2019, the District Court of Colorado transferred this case to this Court pursuant to 28 U.S.C. §§ 1406(a) and 1631. (Doc. No. 66.) On May 22, 2019, the United States filed an ex parte application seeking a status conference. (Doc. No. 71.) On June 3, 2019, the Court denied the request for a status conference, but issued an order allowing the United States to refile its motion to dismiss and allowing RAJMP to refile its motion for preliminary injunction. (Doc. No. 73.) On June 12, 2019, RAJMP filed the instant ex parte application to bar the refiling of the United States' motion to dismiss. (Doc. No. 78.) This Order follows.

## LEGAL STANDARD

Pursuant to FRCP 60(b), courts may only reconsider a final order on certain enumerated grounds. These grounds include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1)–(6). A motion made under the first three subsections of Rule 60(b) must be brought within a year, but a

motion made under the other subsections need only be brought within a "reasonable time after entry of the order sought to be set aside." *Id.*; *see also United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).

In addition, Local Civil Rule 7.1(i)(1) states that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ L R 7.1. The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* A court has discretion in granting or denying a motion for reconsideration. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 2001).

## **DISCUSSION**

A. Motion for Leave to Exceed Page Limits

RAJMP seeks to exceed the page limit of ten pages for its ex parte application for reconsideration. "Given the district court's inherent power to control their dockets, whether to grant leave to exceed the page limits set forth in the Civil Local Rules appears to be at the full discretion of the Court." *Traylor Bros., Inc. v. San Diego Unified Port Dist.*, No. 08-cv-1019, 2012 WL 1019966, at *2 (S.D. Cal. March 26, 2012) (citing *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc)). As this motion was filed prior to the Court's previous order, the Court will allow the excess pages. However, as expressed in the previous order, RAJMP must seek leave to file excess pages in advance of filing its briefs or they will be simply stricken. In exercising its discretion, the Court finds good cause to **GRANT** RAJMP's leave to exceed the page limit pursuant to Civ L. R. 7.1(h).

B. Ex Parte Application for Reconsideration

RAJMP seeks reconsideration of the Court's order allowing the United States to refile its motion to dismiss. (*See generally* Doc. No. 78-1.) RAJMP presents no new evidence, presents no intervening change in controlling law and does not present new or different facts and circumstances which did not exist or were not shown upon the prior

application. RAJMP simply alleges that this Court committed clear error. (Doc. No. 78-1 at 4–11.)

RAJMP has failed to show that this Court committed clear error. RAJMP alleges that this Court committed clear error by determining that the transferor court did not consider all of the United States' arguments in its order transferring venue to this Court. (Doc. No. 78-1 at 4.) Further, RAJMP alleges that this Court committed clear error and created manifest injustice by allowing the United States to refile its motion to dismiss because the transferor court's order became law of the case and allowing the United States to refile will expose the real risk that the civil action for an injunction will be dismissed. (*Id.* at 8.)

RAJMP states that there is no evidence to show that the transferor judge did not consider all the arguments presented by the United States. (*Id.* at 5.) RAJMP asserts that the transferor court "referred to § 702 in Title 5 which creates a broad waiver of SI that RAJMP relied on." (*Id.*) However, the transferor court simply referred to this section to explain what causes of action RAJMP is seeking against the United States. (Doc. No. 66 at 2.) The transferor court did not analyze any arguments regarding sovereign immunity. Further, RAJMP states the "transferor court also ruled that the RAJMP claims were likely to have merit." (*Id.* at 7.) However, the transferor court's order expressly stated, "the Court expresses no opinion on the merit of RAJMP's claims." (Doc. No. 66 at 9.) RAJMP has simply mischaracterized the transferor court's order in its current motion. The transferor court did not issue an order that evaluated and discussed the United States' arguments regarding lack of jurisdiction and failure to state a claim. (*See generally* Doc. No. 66.)

RAJMP asserts that the transferor court's order became the law of the case on the United States' arguments regarding lack of jurisdiction and failure to state a claim. However, law of the case doctrine applies when there was an actual decision of an issue and does not reach a matter that was not decided. *See* 18B Charles Alan Wright et al., Federal Practice & Procedure § 4478 (2d ed.). Here, based on the transferor court's order it did not reach an actual decision of the United States' issues regarding lack of jurisdiction

and failure to state a claim, accordingly law of the case doctrine does not apply.

Further, RAJMP argues that this Court's order allowing the United States to refile its motion to dismiss created manifest injustice to RAJMP. According to RAJMP, the manifest injustice created by this Court is that RAJMP is now exposed to the real risk of having the civil action dismissed and not being able to receive a prompt, inexpensive resolution on the merits of the motion for a preliminary injunction and the burden and expense of re-litigating these issues again. (Doc. No. 78-1 at 11.) RAJMP cites no authority for this argument. The Court finds that it did not create manifest injustice to RAJMP by allowing the United States to refile its motion to dismiss.

RAJMP's request for the Court to issue a stay for the deadline for the United States to file its motion to dismiss until after both its applications for reconsideration is moot. The Court has already issued an order regarding RAJMP's first motion for reconsideration and is issuing this order prior to the United States' deadline to refile its motion to dismiss.

Further, it is within the Court's discretion to allow the United States to refile its motion to dismiss. A motion for reconsideration will not simply be granted because RAJMP disagrees or is unhappy with the Court's decision. *See* 11 Charles Alan Wright et al., Federal Practice & Procedure § 2858 (3d ed.).

## **CONCLUSION**

Based on the foregoing, the Court **DENIES** Defendants' ex parte application for reconsideration. *See Navajo Nation*, 331 F.3d at 1046 ("Whether or not to grant reconsideration is committed to the sound discretion of the court.").

**IT IS SO ORDERED**.

Dated: June 20, 2019

Hon. Anthony J. Battaglia
United States District Judge