UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJMP, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | Case No.: 19-cv-876 AJB (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING UNITED STATES' MOTION TO DISMISS RAJMP, INC.'S COMPLAINT;**<br><br>**(2) DENYING RAJMP'S MOTION TO DENY THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT;**<br><br>**(3) DENYING RAJMP'S MOTION TO STRIKE THE UNITED STATES' MOTION TO DISMISS; AND**<br><br>**(4) DENYING RAJMP'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Doc. Nos. 88, 93, 100, 101) |

/ / /

/ / /

Pending before the Court are United States' Motion to Dismiss, (Doc. No. 88), Plaintiff RAJMP's Motion for Preliminary Injunction, (Doc. No. 93), RAJMP's Motion to Deny United States' Motion to Dismiss, (Doc. No. 100), and RAJMP's Motion to Strike United States' Motion to Dismiss, (Doc. No. 101). As will be explained in greater detail below, the Court **GRANTS** United States' motion to dismiss, **DENIES** RAJMP's motion for preliminary injunction, **DENIES** RAJMP's motion to deny United States' motion to dismiss, and **DENIES** RAJMP's motion to strike the United States' motion to dismiss.

## BACKGROUND

Plaintiff RAJMP has brought suit against the United States to enforce the terms and conditions of an alleged binding IRS Form 656 offer in compromise contract ("OIC"). (Doc. No. 1 ¶ 1.)[1] On July 14, 2006, RAJMP executed an OIC and sent it to the IRS Center in Memphis, Tennessee. (*Id.* ¶ 8.) The OIC offered to pay $400,000 and the "proceeds from the sale of each of the Taxpayer's 10 shops after the satisfaction of the Taxpayer's senior creditors." (*Id.* ¶ 9.) The OIC was to resolve all of RAJMP's liabilities for payroll taxes, penalties for failure to file, failure to deposit, and failure to pay. (*Id.* ¶ 10.)

On July 25, 2006, the United States accepted the OIC for processing. (*Id.* ¶ 11.) RAJMP alleges that the United States never then issued any notice of rejection of the OIC as in the manner mandated by 26 U.S.C. §§ 7122(a)–(f) and Treasury Regulation § 301.7122-1(f). (*Id.* ¶ 12.) RAJMP alleges that because these findings were never made the OIC was not rejected. (*Id.* ¶ 13.) On July 25, 2008, as a result of the passage of two years without the OIC being properly rejected the OIC was deemed accepted by the United States and became binding on the United States. (*Id.* ¶ 15.) RAJMP paid the United States $400,000, but the United States applied the amount to their account instead of payment for the OIC. (*Id.* ¶ 18.)

As a result of this, RAJMP seeks non-monetary claims against RAJMP to enforce

---

[1] The following facts are taken from Plaintiff's complaint, (Doc. No. 1), and are construed as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

all terms and conditions of the OIC contract. (*See generally* Doc. No. 1.) RAJMP alleges the following causes of action: (1) a continuing breach of contract, (2) a non-monetary claim under 5 U.S.C. § 702 (second sentence), (3) violations of the Administrative Procedure Act, and (4) this count is based on the Court's anomalous independent equity jurisdiction, the Court's supervisory power over federal officers and employees and the equity jurisdiction conferred by the Judiciary Act of 1789. (*Id.*) Specifically, RAJMP's prayer for relief states: "Wherefore, RAJMP asks the Court to: (a) enter final judgment and order enforcing all the terms and conditions of the OIC Contract against the U.S.; including: (1) an order instructing the U.S. to abate any and all balances of the outstanding assessments against RAJMP; (2) issue any other orders in law or in equity the court deems appropriate; (3) award costs; (4) award legal fees." (*Id.* at 10–11.)

# **DISCUSSION**

The Court will address the United States' motion to dismiss, RAJMP's motion for preliminary injunction, RAJMP's motion to deny the United States' motion to dismiss, and RAJMP's motion to strike the United States' motion dismiss in turn.

A. <u>United States' Motion to Dismiss</u>

The United States seeks to dismiss RAJMP's complaint in its entirety for lack of jurisdiction and failure to state a claim.

*i. Legal Standard*

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 1996). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citations and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this

determination, a court reviews the contents of the complaint, accepting all factual allegations are true, and drawing all reasonable inferences in favor of the non-moving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged[.]" *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*ii. The Anti-Injunction Act and Declaratory Judgment Act*

The United States asserts that RAJMP's requested relief is bared by the Anti-Injunction Act, 26 U.S.C. § 7421(a) ("AIA") as well as the Declaratory Judgment Act, 28 U.S.C. § 2201(a) ("DJA"). (Doc. No. 84-1 at 9.) The AIA provides that generally no suit for the purpose of restraining the assessment or collection of any tax shall be maintained by any court by any person. 26 U.S.C. § 7421(a). The AIA encompasses not only the assessment and collection of taxes, but also activities that are intended to or may culminate in the assessment or collection of taxes. *See, e.g.*, *Blech v. United States*, 595 F.2d 462, 466 (9th Cir. 1979). An action that is barred by the AIA is also barred under the federal tax exception in the DJA. *See Reimer v. United States*, 919 F.2d 145 (9th Cir. 1990).

Here, RAJMP alleges that this is a simple contract dispute. However, it is clear from RAJMP's complaint that they are seeking to enforce the OIC so that the IRS is barred from collecting the remainder of the $8 million tax liability. In RAJMP's prayer for relief it specifically requests that the Court issue an order instructing the United States to abate any and all balances against RAJMP. This simply violates the AIA and DJA. *See, e.g., Wilkens v. United States*, No. 3-CIV-1837, 2004 WL 1198138, at *3 (D. N.J. Feb. 19, 2004) (holding that plaintiffs were attempting to impair the ability of the IRS to collect federal

tax by seeking an advance determination of the validity of the tax the IRS seeks to collect); *Johnson v. IRS*, No. 14-CV-11269-RGS, 2014 WL 3798805, at *1 (D. Mass. Aug. 1, 2014) (holding that plaintiff's request that the Court order the IRS to release all levies and liens and current wage garnishments places this action in the category of suits maintained for the purpose of restraining the assessment or collection of tax).

RAJMP argues that the OIC expressly stated the IRS agreed to not collect more and they are just seeking to enforce the OIC. RAJMP relies upon *United States v. Cohen*, 650 F.3d 717 (D.C. Cir. 2011) to establish that this action is allowed under the AIA. In *Cohen*, the plaintiffs brought a class action challenging the IRS' refund procedures. *Id.* at 727. The court held that this particular case did not concern an assessment or collection of any tax. *Id.* However, the court found that the inquiry as to whether the litigation is concerning an assessment or collection of any tax requires the court to carefully evaluate "the remedy sought, the statutory basis for that remedy, and any implication the remedy may have on assessment and collection." *Id.* Here, the Court finds that the remedy is requesting a ruling that the IRS may not collect any further taxes and that RAJMP is excused of its tax liability. Accordingly, this is a case regarding collection or assessment of taxes.

RAJMP argues that AIA does not apply because AIA was not mentioned in the OIC. However, this waiver does not appear to exist. RAJMP provides no authority to the Court to directly support this argument. RAJMP relies upon *Johnston v. Comm'r*, 461 F.3d 1162, 1665–66 (9th Cir. 2006). However, *Johnston* bears no weight on the issues at hand in this matter. *Johnston* involves the issue of not allowing a taxpayer to include additional tax issues in a settlement after the OIC. *Id.* at 1163. Here, a settlement after the OIC never occurred.

There is an exception to the AIA if a taxpayer establishes both: (1) that "under no circumstances could the Government ultimately prevail" on the merits and (2) that "equity jurisdiction otherwise exists." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 6–8 (1962); *Bob Jones University v. Simon*, 416 U.S. 725, 737 (1974). The United States argues that RAJMP fails to establish either prong. The Court agrees.

5

First, RAJMP cannot establish that under no circumstances could the United States prevail. RAJMP argues that there is only one way to reject an OIC and since the IRS did not follow that procedure, it was accepted. However, the United States has shown through the Declaration of Kathleen Lee that the IRS asserts it did properly reject the OIC. (*See generally* Doc. No. 88-2.) The Court does not hold at this stage whether this declaration is admissible, but the declaration does provide evidence that establishes that there is possibility the United States could prevail on the merits. Second, the United States has shown that the doctrine of laches may also apply to this litigation. (Doc. No. 88-1 at 18.) Accordingly, RAJMP fails to show how under no circumstances the United States could prevail in this matter.

Second, RAJMP argues that it has no adequate remedy at law. However, as the United States aptly explained in their motion, RAJMP could have sought monetary damages under a breach of contract claim pursuant to the Tucker Act, 28 U.S.C. § 1491, or RAJMP could pay the taxes, file an administrative claim for a refund, and then file a refund claim in the district court. Further, RAJMP could wait for the United States to sue to collect the taxes and assert the OIC as a defense, which is in fact what RAJMP is actively pursuing before this very Court in a related case. Accordingly, RAJMP has several other legal remedies to pursue.

Accordingly, RAJMP has failed to meet the exception to AIA. This litigation is barred by both the AIA and the DJA. Based on this alone, the entire complaint may be dismissed, however, the Court will address the other arguments briefly.

*iii.    5 U.S.C. § 702*

RAJMP relies upon the first sentence of § 702 to establish a waiver of sovereign immunity for its APA claims, (Count III), and the second sentence of § 702 for what it calls its non-APA claims, (Counts I, II, and IV). (*See generally* Doc. No. 102.)

With respect to RAJMP's APA claims (Count III), § 702 excludes from its waiver claims for which an adequate remedy is available elsewhere. RAJMP simply asserts that it has no adequate remedy. However, as explained above RAJMP has several other available

6

remedies. Accordingly, § 702 does not establish a waiver of sovereign immunity for its APA claims.

With respect to RAJMP's non-APA claims (Counts I, II, and IV), the waiver in the second sentence of § 702 does not apply if the relief sought is "expressly or impliedly forbidden by another statute." *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). The Ninth Circuit has held several times that the APA does not waive sovereign immunity over non-monetary, contract-based claims because the Tucker Act impliedly forbids equitable relief. *See Gabriel v. Gen. Servs. Admin.*, 547 Fed. Appx. 829, 830–31 (9th Cir. 2013); *see also Tucson Airport Auth.*, 136 F.3d at 646; *North Star Alaska v. United States (North Star II)*, 14 F.3d 36, 37 (9th Cir. 1994); *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1485 (9th Cir. 1985). However, RAJMP argues that the waiver under the second sentence of § 702 is broad. *Navajo Nation v. Dep't of Interior*, 876 F.3d 1144, 1172 (9th Cir. 2017). While the Court agrees the waiver is broad, the Ninth Circuit in *Navajo Nation* did not overrule its previous rulings that the waiver does not apply if the relief sought is expressly or impliedly forbidden by another statute. Accordingly, *Navajo Nation* is inapplicable to the instant litigation.

Further, the waiver of § 702 may cover claims that are not contract-related. However, RAJMP alleges it only seeks contract related claims. Accordingly, the United States has not waived sovereign immunity under § 702.

   *iv. Waiver of Sovereign Immunity for Count IV*

RAJMP relies upon *Cardwell v. Kurtz*, 765 F.2d 776 (9th Cir. 1985) to establish the court's equity jurisdiction over Count IV. (Doc. No. 102 at 24.) However, *Cardwell* involves pre-indictment actions pursuant to Rule 41 of the Federal Rules of Criminal Procedure seeking suppression of documents and records illegally obtained by the IRS in violation of the Constitution. *Cardwell*, 765 at 778. Furthermore, the Ninth Circuit explicitly found that it did not need to reach the question of applicability of the AIA in this case. *Id.* at 779. RAJMP is not seeking suppression of evidence or a return of documents governmental officials illegally seized from it. Rather, RAJMP alleges in Count IV that the

United States' collection efforts constitute a breach of contract, a deprivation of capital and property, a deprivation of due process, and a taking without just compensation. This case simply does not support RAJMP's claim that there exists a waiver of sovereign immunity for Count IV.

    *v.*    *Takings Claim*

Lastly, RAJMP asserts that it has experienced a taking of its OIC contract rights by the United States. (Doc. No. 102 at 26.) However, as a matter of law, tax collection is not a cognizable "taking" under the Fifth Amendment. *See Montagne v. United States*, 90 Fed. Cl. 41, 50 (Fed. Cl. 2009) (citing *U.S. Shoe Corp. v. United States*, 269 F.3d 1378, 1383 (Fed. Cir. 2002)). Further, RAJMP has not identified an actual property interest and has not alleged how that interest was taken without just compensation. RAJMP's argument that the United States is breaching the OIC by continuing to collect tax liabilities constitutes a taking without just compensation is unfounded. Accordingly, RAJMP's taking claim is dismissed.

Based on the foregoing, the Court **GRANTS** the United States' motion to dismiss.

B.    <u>RAJMP's Motion to Deny the United States' Motion for Summary Judgment</u>

RAJMP asserts that the United States motion to dismiss was converted into a motion for summary judgment by attaching the declaration of Kathleen Lee. (Doc. No. 100-1 at 2.) RAJMP argues that the declaration was outside the scope of the verified complaint and thus, the motion must be converted to a motion for summary judgment. (*Id.*) However, the declaration of Kathleen Lee was simply to establish that the United States may prevail in this litigation as is required to show that the exception to the AIA does not apply to this case. This is not outside the scope of the complaint. The complaint directly relates to this issue. Further, a motion for lack of subject matter jurisdiction may factually attack the allegations that, by themselves, would otherwise invoke jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Accordingly, the Court does not convert the United States' motion to dismiss to a motion for summary judgment. The Court **DENIES** RAJMP's motion to deny the United States' motion for summary judgment.

C. RAJMP's Motion to Strike the United States' Motion to Dismiss

RAJMP seeks to strike the United States' motion to dismiss because the Court stated in its Order dated June 3, 2019 that the United States may refile its motion to dismiss. (Doc. No. 101-1 at 2.) RAJMP interpreted the Court's Order to mean that the identical motion to dismiss the United States had previously filed in front of the District Court of Colorado was the only motion to dismiss this Court would accept. (*Id.*) However, the Court did not state that it had to be identical. Further, if the United States had refiled the identical motion as previously filed, it would have been inapplicable because the previous motion to dismiss contained arguments regarding improper venue that are no longer applicable. Furthermore, the attachment of the declaration of Kathleen Lee did not violate the Court's Order. Accordingly, the Court **DENIES** RAJMP's motion to strike.

D. RAJMP's Motion for Preliminary Injunction

RAJMP's motion for preliminary injunction is moot as the Court is granting the United States' motion to dismiss. Also, the Court does not have jurisdiction over this matter and therefore, simply cannot rule on the motion for preliminary injunction. Further, based on the motion to dismiss, RAJMP clearly cannot establish likelihood of success on the merits and the motion for preliminary injunction would be denied on that basis. At the hearing on this matter, the Court allowed RAJMP to file supplemental briefing, despite explaining that the Court was tentatively granting the motion to dismiss for lack of jurisdiction. RAJMP filed supplemental briefing regarding two new Ninth Circuit opinions. (*See generally* Doc. No. 117.) However, the Court finds these cases inapplicable to the matter at hand. *See Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147 (9th Cir. 2019); *hiQ Labs, Inc. v. LinkedIn Corp.*, 983 F.3d 985 (9th Cir. 2019). Further, RAJMP argues that these cases establish standing and irreparable harm. (Doc. No. 117 at 2.) However, as explained above and at the hearing on this matter, the Court does not have jurisdiction over this matter and the complaint fails to state a claim. Thus, the Court does not reach the merits of the preliminary injunction as it is moot. Accordingly, the Court **DENIES** RAJMP's motion for preliminary injunction.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the United States' motion to dismiss **WITHOUT LEAVE TO AMEND**, **DENIES** RAJMP's motion to deny the United States' motion for summary judgment, **DENIES** RAJMP's motion to strike the United States' motion to dismiss, and **DENIES** RAJMP's motion for preliminary injunction.

**IT IS SO ORDERED**.

Dated: February 25, 2020

Hon. Anthony J. Battaglia
United States District Judge